**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINA SUBLETT and KATRINA WEST, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:15-CV-1841 CAS |
| SMITHKLINE BEECHAM CORPORATION d/b/a GlaxoSmithKline, and GLAXOSMITHKLINE LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER OF TRANSFER**

Plaintiffs Katrina West and Christina Sublett are mother and daughter. Katrina West alleges that she took defendant GlaxoSmithKline LLC's prescription drug Paxil while she was pregnant with Christina. Katrina West claims that as a result of her taking the drug, plaintiff Christina was born with birth defects. Plaintiffs reside in Fort Dodge, Iowa. Katrina West received her prescription for Paxil, ingested the product, and gave birth to Christina in Bartow, Florida.

Defendant GlaxoSmithKline LLC removed this action to this Court from state court. GlaxoSmithKline LLC is incorporated in Delaware, Maryland and maintains large corporate/administrative headquarters in Pennsylvania and North Carolina. GlaxoSmithKline LLC has filed a motion to dismiss this case for lack of personal jurisdiction under Rule 12(b)(2), Federal Rules of Civil Procedure or, in the alternative, moves to transfer plaintiffs' claims to the proper venue in the U.S. District Court for the Middle District of Florida under 28 U.S.C. § 1404(a). Plaintiffs oppose the motion to dismiss but state that if the Court is inclined to reject their "consent to jurisdiction" argument, they request that defendant's alternative motion to transfer venue of this

matter to the Middle District of Florida be granted rather than the action be dismissed, as transfer "would serve all parties' interests." Pls.' Opp. at 7.

None of the claims in this case are related to any activities of defendants in Missouri. Based on the facts asserted in the Petition, the Court concludes it lacks personal jurisdiction over GlaxoSmithKline LLC. See Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014). The Court rejects plaintiffs' consent to jurisdiction argument, which is based on defendant's actions of registering to do business in Missouri and appointing an agent for service of process here as required by state law. See Keeley v. Pfizer Inc., 2015 WL 3999488, at *4 (E.D. Mo. July 1, 2015); Neeley v. Wyeth LLC, 2015 WL 1456984, at *3 (E.D. Mo. Mar. 30, 2015). The Court finds, however, that justice would best be served by transferring this case rather than dismissing it.

The threshold inquiry in ruling on a motion under § 1404(a) is whether a case "might have been brought" in the proposed transferee district. See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964). Then, in determining whether to transfer the action, a court must consider the three general categories of factors stated in § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, the statutory language invokes three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Id.; see Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.1997).

Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district where any defendant resides, if all of the defendants reside in the same State; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no

district in which an action may otherwise be brought as provided in § 1391(b), a judicial district in which the defendant is subject to personal jurisdiction with respect to the cause of action. In the present case, venue is proper under § 1391(b)(2) in the United States District Court for the Eastern District of Michigan.

Here, the relevant factors of § 1404(a) support transfer to the Middle District of Florida. Although the plaintiffs live in Iowa, Katrina West was prescribed the Paxil in Florida, ingested it in Florida, and gave birth to Christina in Florida. Relevant witnesses, including Katrina and Christina's physicians, are located in Florida, as are relevant sources of proof such as records, documents and other evidence. Florida law is likely to apply to plaintiffs' claims, and transferring the case to Florida would avoid conflicts of laws issues and allow a Florida federal court to decide issues of Florida law. Therefore, the convenience of witnesses, as well as the interests of justice, favors transfer to Florida.

Accordingly,

**IT IS HEREBY ORDERED** that defendant GlaxoSmithKline LLC's motion to dismiss for lack of personal jurisdiction is **DENIED**, and its alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1404(a).

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of February, 2016.